In the Matter of the Judicial Settlement of the Accounts of SAMUEL GROSSMAN, as Administrator, etc., of AARON HYMAN, Deceased, Respondent.

VERA HEINRICH, Claimant, Appellant; JOSEPH C. WELSH, Special Guardian for Infant JOSEPH HYMAN, Respondent.

PER CURIAM. No formal findings were made by the surrogate, nor were any contained in any decision or decree, which merely dismissed the claim. The claim was on an alleged contract between the decedent and the claimant whereby the former agreed to leave all of his property to the latter in consideration of board, lodging and care. The evidence would have justified a determination by the surrogate that no such express contract was made. However, it appeared that the claimant did furnish board, lodging and care for the decedent; and failing to establish an express contract she would be entitled to recover the value of such services if she is able to produce sufficient proof on the subject. That question was not passed upon, and the record discloses no sufficient reason why that issue was not tried. Had there been a separate decision that no express contract existed, we would have affirmed that determination; but it was error to dismiss the entire claim. For greater clarity the decision and order should read, " Decree reversed on the law with costs to claimant to abide the event payable out of the estate; and claim remitted to the Surrogate's Court, where the parties may take such further proceedings as they are advised." Hinman, Acting P. J., Davis, Whitmyer, Hill and Hasbrouck, JJ., concur. Decision, and order dated January 3, 1930, amended to read as follows: Decree reversed on the law, with costs to claimant to abide the event, payable out of the estate; and claim remitted to the Surrogate's Court where the parties may take such further proceedings as they are advised.